CHRISTIAN MOLLER, APPELLANT, *v.* JOHN H. MULLER, RESPONDENT.

*Mortgage foreclosure — application after sale under, by holder of prior unrecorded mortgage to open judgment and sale.*

APPEAL by the plaintiff from an order setting aside a decree of foreclosure, and directing that the executors of Henry Wolters deceased, be made parties defendant therein.

This action was brought to foreclose a mortgage upon leasehold premises situated in the city of New York. The premises were sold on the 6th of September, 1877, and in consequence of a clerical error in the description of the premises, as written in the judg-

ment, a second sale was had on October 20, 1877. The premises were bid in at each sale for the sum of $5,000. The plaintiff received the deed of the referee, and entered into possession of the premises.

Upon affidavits showing that the defendant John H. Muller, had mortgaged the premises, affected by the mortgage given by him to the plaintiff, to one Henry Wolters, for the sum of $9,000, on the 28th day of June, 1870, which was anterior to the date of the mortgage to the plaintiff; that Henry Wolters had not recorded his mortgage and had died in the year 1870; that John H. Muller, the defendant, and Wm. C. Wolters were the executors of the will of Henry Wolters, and that they had not recorded said mortgage for $9,000; that the said mortgage was still unrecorded and that the premises were worth more than $5,000, an order was made requiring the plaintiff and defendant to show cause why "the judgment of foreclosure and sale made in this action, on the 26th day of September, 1877, and the deed made by James P. Ledwith, referee to the plaintiff, of the premises in question under said decree, and sale should not be vacated and set aside, and all proceedings in this action amended by making John C. Wolters and John H. Muller as executors of the last will, etc., of Henry Wolters, deceased, defendants, and the said executors permitted to come in and defend this action, and for such other and further relief as may be just, with costs."

On appeal from an order granting this application the court at General Term said:

"The plaintiff was not bound to make a conceded prior incumbrancer a party, but he was bound to sell subject to the prior lien. To permit him to do otherwise would be a fraud upon the purchaser.

It is alleged in this case by the representatives of the prior mortgagee, whose mortgage was not recorded, that the plaintiff and his attorneys knew of the prior mortgage, but did not disclose it at the sale. If it were not known to the purchaser, under the foreclosure proceedings, he would not be affected by it, the mortgage not having been recorded, and his title would be unimpaired. The effect would be to deprive the prior mortgagee or his representatives of the security unless the proceeds of the sale were sufficient to pay the mortgage. If the plaintiff concedes the priority then it

is not necessary to make the holders of the prior mortgage parties, nor is it necessary if he does not, provided there be contained in the order for a resale, a direction to sell subject to the outstanding claims made.

If the priority is contested the plaintiff could, if he should so elect, determine the issue by making the holders of the mortgage parties. It is my judgment, therefore, that the order should be modified by ordering a resale, subject to the alleged claim of priority, in which case it will be unnecessary to make the holders of the prior mortgage parties, and they will be left to the remedy provided by law."

*Alfred J. Taylor*, for appellant. *Morris & Pearsall*, for respondent.

Opinion by BRADY, J.; INGALLS, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Order modified, as directed in opinion, without costs; order to be settled by BRADY, J.